UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INA JACKSON,

       Plaintiff,         16-cv-8639 (PKC)

  -against-             OPINION AND
                     ORDER

TIME WARNER CABLE ADMINISTRATION
LLC,

       Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    Plaintiff Ina Jackson filed suit against defendant TWC Administration LLC ("TWC"), alleging that TWC discriminated against her in violation of state and federal law when it terminated her employment. (Doc. 8 at ¶¶ 51–56). Her federal claim alleged that TWC discriminated against her on the basis of race in violation of 42 U.S.C. § 1981. (Id.). On May 18, 2018, this Court granted defendant's motion for summary judgment, dismissing plaintiff's federal claim, with prejudice. (Mem. and Order of May 18, 2018; Doc. 43). The Court declined to exercise supplemental jurisdiction over the remaining state claims and accordingly dismissed those claims without prejudice. (Id.). On June 19, 2018, the Clerk of Court taxed costs in favor of the defendant in the amount of $2,241.00. (Doc. 52). Plaintiff now moves for judicial review of the Clerk's taxation of costs. On de novo review, the Court concludes that the Clerk's taxation of costs is correct and it will stand undisturbed.

LEGAL STANDARD

Rule 54(d)(1), Fed. R. Civ. P., provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Where an unsuccessful litigant appeals the Clerk of the Court's award of costs, the district court reviews the award de novo." Balance Point Divorce Funding, LLC v. Scrantom, 305 F.R.D. 67, 70 (S.D.N.Y. 2015) (quoting Karmel v. City of New York, 00-cv-9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008)). A litigant is a "prevailing party" within the meaning of Rule 54(d)(1) if "there has been a 'judicially sanctioned change in the legal relationship of the parties.'" Vuona v. Merrill Lynch & Co., No. 10-cv-6529 (PAE), 2013 WL 1971572, at *2 (S.D.N.Y. May 14, 2013) (quoting Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101 (2d Cir. 2006)). A "prevailing party" generally includes a "claimant who has obtained some relief . . . even though he has not sustained all of his claims." Id. at *2, 4 (quoting Hamptons Locations, Inc. v. Rubens, No. 01-cv-5477 (DRH)(WDW), 2010 WL 3522808, at *4 (E.D.N.Y. Sept. 2, 2010)) (holding that defendants were the "prevailing party" after the Court granted defendant's summary judgment motion as to plaintiff's federal claim and declined to exercise supplemental jurisdiction over one of plaintiff's state law claims).

"[T]he term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920." Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) abrogated on other grounds by Bruce v. Samuels, 136 S. Ct. 627 (2016). These items are listed as follows: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case;" (3) fees for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case;" (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. The "courts of appeals have

consistently interpreted [28 U.S.C. § 1920] to permit the taxation of deposition expenses, when necessarily incurred for use of the deposition in the case." Whitfield, 241 F.3d at 270.

Pursuant to Rule 54(d), courts award costs "as of course." Id. As such, "the losing party has the burden to show that costs should not be imposed." Id. A court may deny costs because of "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Id. "[I]ndigency per se does not automatically preclude an award of costs." Id. (granting costs against incarcerated litigant with weekly income of $7.75). A non-prevailing party relying on indigency must make a "strong showing of financial hardship" before a court will decline to award costs. Sims v. City of New York, No. 08-cv-5965 (JGK), 2011 WL 4801363, at *3 (S.D.N.Y. Oct. 11, 2011) (quoting Perks v. Town of Huntington, No. 99-cv-4811 (JS), 2008 WL 8091034, at *4 (E.D.N.Y. Mar. 31, 2008)). Additionally, "good faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs." Whitfield, 241 F.3d at 272–73.

DISCUSSION

In this case, defendant is entitled to costs and plaintiff has not made an adequate showing as to why this Court should not award costs. When the Court granted defendant's motion for summary judgment, dismissing plaintiff's federal law claim with prejudice, and dismissing her state law claims without prejudice, defendant became the "prevailing party" for the purpose of assessing costs. As the prevailing party, defendant is entitled to costs as a matter of course. The costs defendant requested consist of expenses related to obtaining depositions that this court considered in rendering its decision on defendant's motion for summary judgment. (See Bill of Costs; Doc. 52). As such, these expenses qualify as "costs" recoverable under Rule

54(d)(1) because they amount to "deposition expenses . . . necessarily incurred for use of the deposition in the case." See Whitfield, 241 F.3d at 270.

Plaintiff argues that this Court should nonetheless decline to award costs for three reasons. First, she cites to 35 U.S.C. § 285, which governs attorney's fees in patent litigation cases, and argues that this case is not an "exceptional" case that would warrant the taxation of costs under § 285. (Doc. 53-1). Section 285 is not applicable in this case, where plaintiff alleged employment discrimination in violation of 42 U.S.C. § 1981. Therefore, whether this case would be "exceptional" under § 285 is without consequence. Second, plaintiff argues that she would have difficulty paying the judgment because, after termination, she was "without income for a substantial amount of time," and "made only $9.00 an hour" at the job she subsequently secured. (Id.). Plaintiff presents no other evidence of financial hardship or inability to pay the judgment. Furthermore, plaintiff did not file her action *in forma pauperis* and had retained counsel throughout all proceedings. As such, this Court holds that plaintiff has not made the "strong showing of financial hardship" necessary to justify vacating the Clerk's taxation of costs on the basis of indigency. Lastly, plaintiff argues that "[t]he court did no [sic] find a meritless or outrageous case litigated in an unnecessary manner" and contends that her state law claims could "conceivably prevail" in state court. Plaintiff's good faith does not require the Court to deny costs to the defendant and does not persuade this Court to deviate from the general practice of awarding costs to a prevailing party as a matter of course.

CONCLUSION

This Court concludes that the Clerk of Court's taxation of costs in favor of the defendant in the amount of $2,241.00 was proper and it will stand undisturbed.

SO ORDERED.

                                                      P. Kevin Castel
                                            United States District Judge

Dated: New York, New York
          November 1, 2018